DAVID McGEEHAN, Also Known As PHILLIP EDWARD JAROS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10841

February 28, 1979                                591 P.2d 265

*Horace R. Goff,* State Public Defender, and *J. Gregory Damm,* Chief Trial Deputy, Carson City, for Appellant.

*Richard Bryan,* Attorney General, Carson City; and *Thomas L. Stringfield,* District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was charged in Justice Court with passing a check on a closed account, a felony, in violation of NRS 205.130(1). Without the benefit of counsel, appellant waived his right to a preliminary examination.

Over appellant's claim that he lacked sufficient funds to retain his own attorney, the district judge denied appellant's request for court appointed counsel. The request was made orally at appellant's initial arraignment. The transcript of the relevant hearing before the district court was either lost or misplaced and is therefore not included in the record on appeal.

Thereafter, appellant appeared in his own behalf and entered a plea of nolo contendere pursuant to negotiations with the district attorney. Upon such plea, appellant was convicted and sentenced to four years in state prison.[1]

It is axiomatic that a court must appoint counsel to act on behalf of a person charged with a crime who is financially unable to retain his own attorney. Gideon v. Wainwright, 372 U.S 335 (1963); see NRS 178.397 and NRS 171.188. Appellant's assertion that he is financially unable to retain counsel is virtually unrebutted by anything in the record before us. We will not blindly presume a knowing and intelligent waiver of a constitutionally protected right from a deficient record. Johnson v. Zerbst, 304 U.S. 458 (1937).

Accordingly, the conviction and judgment are reversed and the cause remanded for trial.

---

[1]The state public defender was appointed to prosecute this appeal.